IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANIEL DAVID EGLI,<br><br>Plaintiff,<br><br>v.<br><br>KARIN FOJTIK and MATT BIRNBAUM,<br><br>Defendants. | **MEMORANDUM DECISION<br>AND ORDER<br>DISMISSING ACTION<br>WITHOUT PREJUDICE**<br><br>Case No. 2:22-CV-102<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

  On December 3, 2004, Daniel David Egli pleaded guilty to one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). *See United States v. Egli*, 2:04-CR-577, Dkt. Nos. 13–14 (D. Utah Dec. 3, 2004). On March 14, 2005, he was sentenced to 51 months' imprisonment and 60 months' supervised release. *See id.,* Dkt. Nos. 23–24. Since that time, Mr. Egli has pleaded guilty to another count of possessing child pornography, *see United States v. Egli*, 2:10-CR-333, Dkt. Nos. 10–11 (D. Utah July 20, 2010), has been placed on supervised release for life, *see id.* at Dkt. Nos. 15–16, and "has violated his subsequent conditions of supervised release on four occasions," *United States v. Egli*, 13 F.4th 1139, 1141 (10th Cir. 2021). He is currently awaiting trial on yet another charge of possessing child pornography. *See generally United States v. Egli*, 2:22-CR-210 (D. Utah June 8, 2022).

  Mr. Egli has previously brought multiple lawsuits challenging his conviction or sentence in both the 2004 case and the 2010 case, including several motions under 28 U.S.C. § 2255. *See, e.g., Egli v. United States*, 2:14-CV-699 (D. Utah Sep. 26, 2014); *Egli v. United States*, 2:08-CV-48 (D. Utah Jan. 17, 2008); *Egli v. United States*, 2:07-CV-901 (D. Utah Nov. 29, 2007); *cf. United States v. Egli*, 2:04-CR-577, Dkt. No. 37 (2008 Tenth Circuit order denying Mr. Egli authorization to file a successive Section 2255 motion relating to the 2004 case). His most recent

Section 2255 motion, challenging his sentence in the 2010 case, was filed in March 2020 and denied in March 2022. *See Egli v. United States*, 2:20-CV-202 (D. Utah March 26, 2020).

Mr. Egli now sues the Assistant United States Attorney who prosecuted him and the probation officer assigned to supervise him, asserting a "violation of 28 U.S.C. § 1331; 48 CFR CH.1, 53, 228" and demanding "Proof of Personal Jurisdiction and Subject-Matter Jurisdiction." Dkt. No. 10 at 1. Mr. Egli requests that the judgments and indictments from his 2004 case and its "derivatives"—presumably including the 2010 case—be vacated for want of jurisdiction and "cancelled for any/all public record." Dkt. No. 10 at 36. He also seeks $500,000 in damages for alleged violations of 42 U.S.C. § 1986; $71,250,000 in damages for alleged violations of assorted federal criminal statutes; and $1,565,217.39 per day in damages for wrongful imprisonment until he is released. *See id.* at 32, 36–37.

The court dismisses this action for failure to state a claim. *See Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014).

I.

The court first addresses Mr. Egli's request that his sentence be vacated for lack of jurisdiction. Mr. Egli insists that his motion "is not a challenge of unlawful detention or imprisonment to the cause that incarcerated Daniel David Egli® as would fall under a Prisoners Petitioner for Writ of Habeas Corpus under 28 U.S.C. § 2254 or § 2255. Instead, this a demand for proof of subject matter jurisdiction brought under the court's federal question jurisdiction, 28 U.S.C § 1331." Dkt. No. 10 at 17.

But Mr. Egli cannot bring this case under Section 1331, for that provision "does not create causes of action, but only confers jurisdiction to adjudicate those arising from other sources which satisfy its limiting provisions." *Montana-Dakota Utils. Co. v. Northwest Pub.*

*Serv. Co.*, 341 U.S. 246, 249 (1951). What is more, regardless of how Mr. Egli frames his action, it is explicitly aimed at vacating his convictions and sentences. And it is well-settled that "[t]he exclusive remedy for testing the validity of a [federal] judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965).

Nor does the fact that Mr. Egli challenges the court's jurisdiction bring his motion outside the scope of *habeas corpus*. To the contrary, challenges to the convicting court's jurisdiction lie at the very heart of the Great Writ. Indeed, "[f]or much of our history," the *habeas corpus* statutes were interpreted "to reflect the common-law principle that a prisoner seeking a writ of habeas corpus could challenge *only* the jurisdiction of the court that had rendered the judgment under which he was in custody." *Wright v. West*, 505 U.S. 277, 285 (1992) (plurality opinion) (emphasis added). To the extent Mr. Egli seeks an order vacating his convictions and sentences for lack of jurisdiction, he thus cannot evade the legal framework and procedural requirements of Section 2255.

But Mr. Egli could not bring a Section 2255 motion. For one thing, Section 2255(f) imposes a one-year statute of limitations. In both cases, Mr. Egli was convicted and sentenced many years ago. For another, Section 2255(e) bars successive Section 2255 motions unless they are first certified by the court of appeals. Mr. Egli has already brought Section 2255 motions challenging his conviction or sentence in both the 2004 and the 2010 cases, and he has not obtained certification to bring a successive motion relating to either case. Finally, Mr. Egli pleaded guilty in both cases, and his plea agreements each contain the following waiver:

> I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C § 2255.

3

*Egli*, 2:10-CR-333, Dkt. No. 10 at 4; *Egli*, 2:04-CR-577, Dkt. No. 14 at 4.

In all events, there is no question that this court had both subject matter and personal jurisdiction at the time Mr. Egli was convicted and sentenced in each case. As for subject matter jurisdiction, "[t]he district courts of the United States . . . have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. "Via its sweeping language, § 3231 opens federal district courts to the full range of federal prosecutions for violations of federal criminal law. By its terms, § 3231 plainly encompasses [Mr. Egli's] criminal offenses, which were 'against the laws of the United States.'" *Turkiye Halk Bankasi A.S. v. United States*, 143 S. Ct. 940, 944–45 (2023).

And as for personal jurisdiction, in each case, Mr. Egli appeared before this court and pleaded guilty. *See Egli*, 2:04-CR-577, Dkt. No. 13; *Egli*, 2:10-CR-333, Dkt. No. 11. He did not object to the court's exercising jurisdiction over his person either time. It follows that "[w]hen he entered a plea of guilty to the pending charges, he waived that objection." *United States v. Williams*, 212 F.2d 786, 786 (7th Cir. 1954) (citing *Ford v. United States*, 273 U.S. 593, 606 (1927)); *see also U.S. v. Vreeken*, 803 F.2d 1085, 1088 (10th Cir. 1986) ("Although, under Rule 12(b)(2), objections challenging the court's jurisdiction may be made at any time, the term 'jurisdiction' as used there refers solely to subject matter jurisdiction, not to personal jurisdiction."). Indeed, even in extreme cases when defendants have been kidnapped in other jurisdictions and brought to federal court against their will, the Supreme Court has never departed from the rule "that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.'" *United States v. Alvarez-Machain*, 504 U.S. 655, 661 (1992) (quoting *Frisbie v. Collins*, 342

U.S. 519, 522 (1952)). In light of this rule, the court has no difficulty concluding that in each case it had jurisdiction over Mr. Egli's person based on his *voluntary appearance* before it.

Finally, to the extent Mr. Egli asserts jurisdictional arguments based on his status as a "secured party/creditor," "transient foreigner," or "living flesh and blood man," those arguments are plainly frivolous. *See United States v. Palmer*, 699 F. App'x 836, 838 (10th Cir. 2017). As the Seventh Circuit has explained, "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011); *see also Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (rejecting similar arguments in the tax-protester context).

For all of these reasons, the court rejects Mr. Egli's attempt to vacate his convictions and sentences for lack of jurisdiction as frivolous.[1]

## II.

Although Mr. Egli also seeks to recover damages, he fails to identify any viable basis for such relief. First, Mr. Egli seeks $500,000 for alleged violations of 42 U.S.C. § 1986. This statute provides a cause of action against a person who is aware that a violation of 42 U.S.C § 1985 is "about to be committed, and having power to prevent or aid in preventing the commission of the

---

[1] Because Mr. Egli would not be entitled to the relief he seeks under Section 2255 or otherwise, the court need not recharacterize this action as a Section 2255 motion or "warn[] the *pro se* litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion." *Castro v. United States*, 540 U.S. 375, 382 (2003); *see also United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004) (holding that the failure to give such notice is harmless when it "would not change the fact that the limitation period for filing a § 2255 motion had long since passed."). In all events, the court will dismiss this action without prejudice.

5

same, neglects or refuses so to do." But "there can be no valid claim under § 1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under § 1985." *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984). Mr. Egli does not list Section 1985 among the statutes the Defendants are alleged to have violated, and he does not allege facts that would suffice to make out the existence of any of the actionable conspiracies set forth in Section 1985—whether involving the Defendants or anyone else. Nor does he allege that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus" motivated the Defendants or any other putative conspirators, as at least some subsections of Section 1985 require. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

Second, Mr. Egli seeks $ 71,250,000 for alleged violations of various federal criminal statutes. But "there is a strong presumption that criminal statutes, enacted for the protection of the general public, do not create private rights of action," and Mr. Egli fails to identify any such right of action here. *Smith v. Hickenlooper*, 164 F. Supp. 3d 1286, 1290 (D. Colo. 2016) (cleaned up); *cf. Alexander v. Sandoval*, 532 U.S. 275, 289 (2001) ("Statutes that focus on the person regulated rather than the individual protected create no implication of an intent to confer rights on a particular class of persons.") (cleaned up).

Third, Mr. Egli seeks $1,565,217.39 per day until he is released as damages for wrongful imprisonment. But he likewise lacks a right of action to recover such damages. Certainly he cannot recover such damages from a *federal* prosecutor or a *federal* probation officer under 42 U.S.C. § 1983, which provides a cause of action only against defendants acting "under color of any statute, ordinance, regulation, custom, or usage, of any *State* or *Territory* or the District of Columbia." (Emphasis added.) Nor has the Supreme Court recognized an implied right of action arising directly under the Constitution for a claim such as Mr. Egli's. *Compare Bivens v. Six*

6

*Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), *with Egbert v. Boule*, 142 S. Ct. 1793 (2022). Even if Mr. Egli had a private right of action to seek damages for wrongful imprisonment, moreover, it is well settled that a plaintiff may not bring a civil action under Section 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he "can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). And even if a *Bivens* action were available here, the same rule would apply. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996).[2]

\*   \*   \*

For the foregoing reasons, this action is **DISMISSED.** In the interests of justice, dismissal is **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATED this 4th day of August, 2023.

Howard C. Nielson, Jr.
United States District Judge

---

[2] Indeed, the same rule would bar relief even if Mr. Egli's complaint could be somehow construed to seek damages for wrongful imprisonment under Section 1986 (or Section 1985, for that matter). The Tenth Circuit has recognized that the rule in "*Heck* has been extended to apply to claims brought pursuant to §1985," *Lawson v. Engleman*, 67 F. App'x 524, 526 n.1 (10th Cir. 2003), and other circuits have agreed "that *Heck* applies equally to claims brought under §§ 1983, 1985 and 1986," *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1098 (9th Cir. 2004); *see also Amaker v. Weiner,* 179 F.3d 48, 51–52 (2d Cir. 1999) (collecting cases).